UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Fabricio Ferreira Gomes,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>**Patricia Hyde, Acting Director of Boston Field** )<br>**Office, U.S. Immigration and Customs** )<br>**Enforcement; Kristi Noem, Secretary of the** )<br>**U.S. Department of Homeland Security,** )<br>)<br>)<br>Respondents. )<br>_____ ) | Case No. 1:25-cv-10455<br><br>**STATUS UPDATE AND EMERGENCY MOTION FOR RELEASE** |

After Petitioner filed the writ of habeas corpus with this Honorable Court on February 25, 2025, Petitioner lawfully reported to the Boston Field Office of the Immigration and Customs Enforcement ("ICE"), as he was required to do on February 26, 2025, as he had done for the past 12 years under an order of supervision. On February 26, 2025, Petitioner was detained by ICE, even though ICE previously stated to Petitioner that the purpose of the in-person check in was "to be enrolled into [ICE]'s CART reporting terminal" after he had checked-in via email on February 12, 2025. At the check-in on February 26, 2025, no attempt was made to register him in the CART reporting terminal.

Immediately within 15 minutes of presenting himself, he was taken to a back room where Officer Tahar Ahmed, Officer Joseph Amirault and Supervisor Alexander Durden proceeded to speak with him. Officer Ahmed asked if he was married, if he had children, and where he lived. Petitioner confirmed that he is married, that he has two USC daughters, aged 20 and 17 years old. He also confirmed his physical address. Counsel requested that he not be detained and offered to

have Petitioner present himself weekly, as ICE demanded. The officers then demanded to know what this habeas petition was about, to which counsel responded that there was reason to believe that ICE would be detaining Petitioner today, which they were doing.

Counsel asked to speak with the Field Office Director, and initially the supervisor said that the Field Office Director was in meetings all morning, but Counsel could speak with an assistant Field Office Director. Shortly thereafter, the supervisor informed Counsel that nobody was available to speak to Counsel all day. Counsel then questioned whether the decision to detain a T Visa applicant had been discussed with the Office of the Principal Legal Advisor ("OPLA"). They stated that they had consulted with OPLA. Counsel asked whether the T Visa was considered, because it seemed as though the officers were not aware that a T Visa had been pending. The Supervisor said that information was provided to them in the habeas petition and that it was their guidance, instruction, and policy to detain all individuals with final orders of removal without any exception.

Petitioner seeks an emergency order ordering his release from ICE detention. His deportation would render him ineligible for his T Visa Application by operation of law. Although the T visa is available to noncitizens physically present in the United States, it is not available to those who survived trafficking if he or she is outside of the United States. This is because a core requirement of the T visa classification is that the noncitizen be "physically present … on account of such trafficking." 8 U.S.C. §1101(a)(15)(T)(i)(II). This requirement has been interpreted to include noncitizens who were subject to trafficking in the past and whose presence in the United States is directly related to that victimization "regardless of the length of time that has passed between the trafficking and the filing of the Application for T nonimmigrant status." 8 C.F.R. § 214.207(a)(3)-(4). However, the regulations make clear that departure from the United States,

including removal at any time after the act of trafficking renders an individual not present as a result of trafficking. 8 C.F.R. § 214.207(b).

Petitioner is not a flight risk. He has complied with all check-ins under his Order of Supervision for the last 12 years. He is seeking an affirmative form of relief with USCIS as the victim of a severe form of trafficking in persons. He has never missed an appointment with ICE or violated his Order of Supervision in any way. Additionally, he is the main provider for his wife and his two United States Citizen children. He is willing to comply with alternatives to detention such as more frequent check-ins, or GPS monitoring.

WHEREFORE, Petitioner seeks an order demanding his release from ICE detention.

Respectfully Submitted
Fabricio Fereira Gomes, Petitioner
By and through:

*s/ Annelise M. Jatoba de Araujo*

_____
Annelise M. Jatoba de Araujo
Araujo & Fisher, LLC
75 Federal St, Ste 910
Boston, MA 02110
T: 617-716-6400
C: 419-494-3051
F: 617-716-6403
*Counsel for Petitioner*

Dated: February 26, 2025

## LOCAL RULE 7.1 CERTIFICATION

I, Attorney Annelise Araujo, hereby certify that pursuant to L.R. 7.1(a)(2), I have conferred with Defendant's counsel in advance of filing this motion in a good faith attempt to narrow or resolve the issues raised by this motion.

Dated: February 26, 2025                By:    */s/ Annelise Araujo*
                                               Annelise M.J. de Araujo, Esq.

## CERTIFICATE OF SERVICE

I, Attorney Annelise Araujo, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: February 26, 2025                By:    */s/ Annelise Araujo*
                                               Annelise M.J. de Araujo, Esq.