UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FABRICIO FERREIRA GOMES,<br><br>                                   Petitioners,<br><br>v.<br><br>PATRICIA HYDE, Acting Director of Boston Field Office, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of U.S. Department of Homeland Security,<br><br>                                   Respondents. | Civil Action No. 1:25-cv-10455-FDS |

## DEFENDANTS' SUPPLEMENTAL FILING

Pursuant to the Court's directive at the hearing of February 28, 2025, Defendants file the declarations of Assistant Field Office Director Keith Chan ("Chan Decl.")[1], attached hereto as *Exhibit A* and the Declaration of Assistant Field Office Director Mark Anzelmo ("Anzelmo Decl."), attached hereto as *Exhibit B*. Also, Defendants file the Revocation Letter ("Revocation Letter") dated February 26, 2025 concerning the revocation of the Petitioner's Order of Supervision ("OSUP"), attached hereto as *Exhibit C*.

As noted in the Chan Declaration, Petitioner's OSUP was revoked on February 26, 2025 and Petitioner was then detained by ICE. *See* Chan Decl., *Exhibit A*, ¶11. *See also* Anzelmo Decl., *Exhibit B*, ¶6. On that same date, ICE provided Petitioner with a Revocation Letter which notified

---

[1] The Chan Decl. was completed on the date of the February 28, 2025 hearing and provides the history of Petitioner's immigration proceedings which are recounted in the Petition. *See Exhibit A*, ¶¶ 7-12; *See also* Petition, Doc. No.1, ¶ 23. It also discusses the revocation of the OSUP on February 26, 2025 (¶ 11) and the fact that Defendant U.S. Immigration and Customs Enforcement ("ICE") did *not* have any record of Petitioner filing a T-visa application as of that date, a fact mentioned at the hearing. *See Exhibit A*, ¶¶ 11-13.

him of the reasons for the revocation of his release. *Id.,* ¶ 7.[2] After being served with a copy of the Revocation Letter, ICE conducted an informal interview to allow Petitioner an opportunity to respond to the reasons for the revocation of his OSUP. *Id.,* ¶8. Thereafter, a copy of that Revocation Letter was mailed to Petitioner's counsel. *Id.,* ¶9. Defendants complied with the regulations governing OSUP revocation. *See* 8 C.F.R. § 241.1(l); *see also Doe v. Smith,* No. 18-11363-FDS, 2018 WL 4696748, at *9 (D. Mass. Oct. 1, 2018) (even assuming an informal interview did not occur until a month after arrest and revocation, there is no reason why a violation of the regulations should result in release).

## CONCLUSION

For the reasons set forth above, the Petition should be denied.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: March 3, 2025    By:    */s/ Michael Sady*
MICHAEL SADY
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3100
Email: michael.sady@usdoj.gov

---

[2] As mentioned above, a copy of the Revocation Letter is attached as *Exhibit C.*